UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

SAFET LLOLLA,

                               Plaintiff,                  **MEMORANDUM & ORDER**
                                                                    12-CV-1356 (MKB)

                                v.

KAREN GARDENS APARTMENT CORP. and
METROPOLITAN PACIFIC PROPERTIES, INC.,

                                Defendants.

---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

        Plaintiff Safet Llolla commenced the above-captioned action on March 20, 2012, against Defendants Karen Gardens Apartment Corp. ("Karen Gardens") and Metropolitan Pacific Properties, Inc. ("Metropolitan"). (Docket No. 1.) Plaintiff alleged violations of the Fair Labor Standards Act ("FLSA"), 28 U.S.C. § 201 *et seq.* and the New York Labor Law ("NYLL") §§ 190 and 650 *et seq*. Defendants failed to appear in this action. Plaintiff subsequently moved for default judgment. (Docket Entry No. 7.) The Court referred the motion to Magistrate Judge James Orenstein for a report and recommendation. Subsequently, Judge Orenstein granted Plaintiff leave to withdraw his motion for a default judgment in order to correct certain pleading deficiencies. (*See* Minute Entry Dated Feb. 12, 2013.) Plaintiff filed an Amended Complaint on March 1, 2013, (Docket Entry No. 16), Defendants again failed to appear and Plaintiff renewed his motion for default judgment on April 29, 2013, (Docket Entry No. 17). On April 29, 2013, the Court referred the motion to Judge Orenstein. By Report and Recommendation dated March 10, 2014 ("R&R"), Judge Orenstein recommended that the Court grant Plaintiff's motion for a default judgment and enter judgment against Karen Gardens under the FLSA and NYLL and

against Metropolitan, jointly and severally with Karen Gardens, under the FLSA. (Docket Entry No. 25.)

Judge Orenstein recommended that a default judgment be entered against Defendants as follows: (1) against Karen Gardens in the total amount of $137,097.14 (consisting of $25,993.31 in unpaid minimum wages under the FLSA; $9,740.89 of unpaid overtime wages under the FLSA; $20,102.25 in unpaid wages under NYLL; $35,734.20 in liquidated damages under the FLSA; $20,102.25 in liquidated damages under NYLL; $8,803.13 in prejudgment interest on the NYLL claims; $15,556.25 in attorney's fees; and $1,064.86 in costs) and (2) against Metropolitan jointly and severally with Karen Gardens in the amount of $33,657.95 (consisting of $6,196.35 in unpaid minimum wages under the FLSA; $2,322.07 in unpaid overtime under the FLSA; $8,518.42 in liquidated damages under the FLSA; $15,556.25 in attorney's fees; and $1,064.86 in costs). No objections were filed.

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "Failure to object to a magistrate judge's report and recommendation within the prescribed time limit 'may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.'" *Sepe v. New York State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) (quoting *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997)); *see also Almonte v. Suffolk Cnty.*, 531 F. App'x 107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party

2

waives appellate review of a decision in a magistrate judge's Report and Recommendation if the party fails to file timely objections designating the particular issue.").

The summary of Judge Orenstein's recommendation to the Court lists the recommended FLSA overtime award against Karen Gardens as $9,740.89, (R&R at 1), while the section detailing the calculation of the FLSA overtime award lists the award as $9,727.30, (*id.* at 18). Both of these figures reflect minor typographical errors. Finding no clear error with the calculation method used by Judge Orenstein, the Court recalculated the award using Judge Orenstein's provided formula to reach a recommended FLSA overtime award against Karen Gardens of $9,740.30. The Court substituted this figure into all of Judge Orenstein's formulas which had used the incorrect overtime award. The corrected default judgment is as follows: (1) against Karen Gardens in the total amount of $137,095.96 (consisting of $25,993.31 in unpaid minimum wages under the FLSA; $9,740.30 of unpaid overtime wages under the FLSA; $20,102.25 in unpaid wages under NYLL; $35,733.61 in liquidated damages under the FLSA; $20,102.25 in liquidated damages under NYLL; $8,803.13 in prejudgment interest on the NYLL claims; $15,556.25 in attorney's fees; and $1,064.86 in costs) and (2) against Metropolitan, jointly and severally with Karen Gardens, in the amount of $33,657.95 (consisting of $6,196.35 in unpaid minimum wages under the FLSA; $2,322.07 in unpaid overtime under the FLSA; $8,518.42 in liquidated damages under the FLSA; $15,556.25 in attorney's fees; and $1,064.86 in costs).

The Court has reviewed the unopposed R&R, and, finding no clear error with Judge Orenstein's substantive recommendations, the Court adopts Judge Orenstein's R&R, as modified, pursuant to 28 U.S.C. § 636(b)(1). The Clerk of the Court is directed to enter default judgments in the modified amounts set forth above and close the case.

SO ORDERED:


      s/ MKB
MARGO K. BRODIE
United States District Judge

Dated: March 28, 2014
      Brooklyn, New York