UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

SAFET LLOLLA,

                       Plaintiff,                         **MEMORANDUM & ORDER**
                                                           12-CV-1356 (MKB) (JO)

                       v.

KAREN GARDENS APARTMENT CORP. and
METROPOLITAN PACIFIC PROPERTIES, INC.,

                       Defendants.

---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

      Plaintiff Safet Llolla commenced the above-captioned action on March 20, 2012, against Defendants Karen Gardens Apartment Corporation ("Karen Gardens") and Metropolitan Pacific Properties ("Metropolitan"). (Compl., Docket Entry No. 1.) Plaintiff, who was employed by Defendants as a superintendent, alleges that Defendants failed to pay him wages owed in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216, and the New York Labor Law ("NYLL"). (Compl. ¶ 1.) Defendants failed to timely respond to the Complaint, and on April 2, 2014, a default judgment was entered against each Defendant. (Default J., Docket Entry No. 25.) When Plaintiff attempted to enforce the judgment, both Defendants appeared and requested that the Court vacate the judgment because they had not received notice of the pending action. (Order to Show Cause to Vacate Default J., Docket Entry No. 27; Mot. to Vacate Default J., Docket Entry No. 30.) By Order dated June 18, 2014, the Court referred Defendants' motions to vacate the default judgment to Magistrate Judge James Orenstein for a report and recommendation ("R&R"). (June 18, 2014 Order.) On July 2, 2015, Judge Orenstein issued an R&R recommending that the Court vacate the default judgment as to both Defendants. (R&R 1,

Docket Entry No. 53.) On July 20, 2015, Plaintiff timely filed objections to the R&R. (Pl. Obj., Docket Entry No. 54.) For the reasons set forth below, the Court adopts the R&R and vacates the default judgment against Karen Gardens and Metropolitan.

## I. Background

The facts and procedural history of this action are set forth in detail in the R&R. The Court provides a brief summary. Karen Gardens is a New York corporation that owns and manages residential apartment buildings. (Am. Compl. ¶¶ 12–13.) Metropolitan is a Delaware corporation that manages residential, commercial and industrial properties. (*Id.* ¶¶ 15–16.) Plaintiff was employed by Karen Gardens as a superintendent at one of its residential buildings from July 13, 2006, until July 28, 2011, when he was terminated. (*Id.* ¶ 20.) Beginning in early 2011 until the end of Plaintiff's employment, Metropolitan acted as Karen Garden's agent and managed the building at which he worked. (*Id.* ¶ 21.) According to Plaintiff, he worked fourteen hours each day, seven days each week, and was on call twenty-four hours a day. (*Id.* ¶¶ 30–31.) Defendants paid Plaintiff a flat salary of $800 per month, plus a free apartment and $60 monthly utility allowance. (*Id.* ¶¶ 29, 31.)

## II. Discussion

### a. Standard of review

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party submits a timely objection to a report and recommendation, the district court reviews the parts of the report and recommendation to which the party objected under a *de novo* standard of review. *Id.*; *see also United States v. Romano*, 794 F.3d 317, 340 (2d Cir. 2015). The district court may adopt those portions of the

recommended ruling to which no timely objections have been made, provided no clear error is apparent from the face of the record. *John Hancock Life Ins. Co. v. Neuman*, No. 15-CV-1358, 2015 WL 7459920, at *1 (E.D.N.Y. Nov. 24, 2015). The clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates its original arguments. *Chime v. Peak Sec. Plus, Inc.*, --- F. Supp. 3d ---, ---, 2015 WL 5773951, at *1 (E.D.N.Y. Sept. 29, 2015) ("General or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge, are reviewed for clear error." (citation omitted)); *see also DePrima v. City of N.Y. Dep't of Educ.*, No. 12-CV-3626, 2014 WL 1155282, at *3 (E.D.N.Y. Mar. 20, 2014) (collecting cases).

      **b.   Plaintiff's objections**

Plaintiff objects to Judge Orenstein's recommendations that (1) Karen Gardens' default was not willful, (2) Karen Gardens has a meritorious defense, and (3) Metropolitan was never properly served and, as a result, the default judgment against it is void. (Pl. Obj. 1.)

      **c.   Karen Gardens**

A district court may set aside a default judgment for "mistake, inadvertence, surprise, or excusable neglect." *See* Fed. R. Civ. P. 55(c); Fed. R. Civ. P. 60(b)(1); *see also Meilleur v. Strong*, 682 F.3d 56, 64 (2d Cir. 2012). In deciding a motion to vacate a default judgment, courts in this circuit must consider three factors: "(1) whether the default was willful, (2) whether the defendant demonstrates the existence of a meritorious defense, and (3) whether, and to what extent, vacating the default will cause the nondefaulting party prejudice."[1] *Gesualdi v. Quadrozzi Equip. Leasing Corp.*, --- F. App'x ---, ---, 2015 WL 6642681, at *2 (2d Cir. Nov. 2, 2015)

---

[1] Because Plaintiff does not challenge Judge Orenstein's recommendation that Plaintiff would not be prejudiced by the setting aside of the default judgment, the Court addresses only the first two factors.

3

(quoting *State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 166–67 (2d Cir. 2004)). The Second Circuit has stated a "strong preference for resolving disputes on the merits," therefore when deciding a motion to vacate a default judgment, "all doubts must be resolved in favor of the party seeking relief from the judgment . . . ." *Id.* (quoting *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005)); *see also United States v. Chesir*, 526 F. App'x 60, 61 (2d Cir. 2013) (noting that the three factors "'should be construed generously' in favor of party seeking relief from judgment" (quoting *State St.*, 374 F.3d at 168)). The Court considers each factor below.

### i. Karen Gardens' default was not willful

Judge Orenstein concluded that Karen Gardens did not willfully default because it did not have actual notice of the instant action prior to the entry of a default judgment,[2] it promptly moved to vacate judgment upon learning of its existence, and it did not hide its address from Plaintiff. (R&R 5–6.) Plaintiff argues that Karen Gardens had constructive notice of the suit because he properly served Karen Gardens' agent, and thus, Karen Gardens' default is not excusable. (Pl. Obj. 5.)

A default is willful if it is "more than merely negligent or careless, but is instead egregious and not satisfactorily explained." *Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 186 (2d Cir. 2015) (alteration, citation, and internal quotation marks omitted). The failure of a defendant to update its address with the Secretary of State is, by itself, insufficient to render a default willful. *FedEx*

---

[2] Plaintiff served process on Karen Gardens by sending the Summons and Complaint to the New York Secretary of State, who forwarded the documents to the address for Karen Gardens on file. (R&R 1–2.) Karen Gardens never received notice, however, because it had failed to update its address with the Secretary of State. (R&R 2.)

4

*TechConnect, Inc. v. OTI, Inc.*, No. 12-CV-1674, 2013 WL 5405699, at *6 (S.D.N.Y. Sept. 23, 2013). Instead, a court faced with such a defaulting defendant must "look[]at the broader context of the dispute or litigation in making this determination." *Id.* (collecting cases). Judge Orenstein identified and assessed the factors that courts have found relevant to this determination: "whether the defendant moved promptly to vacate the default upon notice of the judgment, whether the defendant made its correct address unavailable to plaintiff, whether the defendant had actual notice of the action, and whether the defendant knew that the plaintiff had a claim against them." (R&R 5 (collecting cases).)

Karen Gardens' default was not willful. Karen Gardens did not have actual notice of Plaintiff's suit until after the default judgment was entered. (Karen Gardens Mem. of Law ("Karen Gardens Mem.") 7–8, Docket Entry No. 27-17; Aff. of Surila Bajaj ("Bajaj Aff.") ¶ 40, Docket Entry No. 27-1.) Upon learning of the action, Karen Gardens promptly moved to vacate the judgment. (Karen Gardens Mem. 8.) Such prompt response counters an allegation of willfulness. *See Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 98 (2d Cir. 1993) (finding that defendant's immediate response after finally receiving a copy of the pleading "ma[de] clear that he was not willing to forfeit his rights"). Moreover, Karen Gardens did not hide its address from Plaintiff. While Karen Gardens failed to update its address with the Secretary of State, Plaintiff lived and worked at the apartment building owned by Karen Gardens and therefore knew of Karen Gardens' actual address. (Bajaj Aff. ¶ 3; Am. Compl. ¶ 20.) This also weighs against a finding of willfulness. *See King v. Mastronardi Mason Materials, Inc.*, No. 98-CV-7389, 1999 WL 294738, at *2 (E.D.N.Y. Mar. 22, 1999) (collecting cases and holding that default was not willful even though the defendant failed to update its address, in part, because the defendant "did not make its address unavailable"). Finally, there is nothing in the record to suggest that Karen

5

Gardens knew Plaintiff had a claim against it, which it was seeking to avoid.  *See Swift Spinning Mills v. B&H Apparel*, No. 00-CV-652, 2003 WL 942610, at *1 (S.D.N.Y. Mar. 6, 2003) (holding that default was willful where the defendant failed to maintain its address because, in part, the defendant was "well aware of the issues with plaintiff, and that plaintiff could possibly move to sue," but still made "no effort to notify anyone" of its change of address), *aff'd sub nom. Swift Spinning Mills, Inc. v. B&H Apparel Corp.*, 96 F. App'x 761 (2d Cir. 2004).

Plaintiff argues that, based on several cases in which a defendant's failure to update its address with the Secretary of State was found to be willful, Judge Orenstein erroneously concluded that Karen Garden's action was not willful.  (Pl. Obj. 4–5.)  Plaintiff relies principally on *FedEx TechConnect*, where the district court held that the defendant's default was willful, 2013 WL 5405699, at *7, but this case is factually distinguishable and does not support Plaintiff's argument.  The court in *FedEx TechConnect* determined that the default was willful because "the relationship between the parties" and the defendant's conduct in the litigation suggested that the defendant "was seeking to avoid payment of its debt to [the plaintiff]." *Id.* at *6.  The court based its conclusion on the fact that although the defendant knew of the specific dispute that formed the basis of the plaintiff's claim and was aware that the dispute had not been resolved, the defendant still failed to update its address or notify the plaintiff of its change of address.  *Id.* (citing *Swift Spinning Mills*, 2003 WL 942610, at *1).  Moreover, the court found that the defendant's "continued evasiveness" even after it learned of the lawsuit, left "little question of [its] intent to avoid paying the debt owed to [the plaintiff]." *Id.* at *7.  Here, as already noted, there is no evidence that Karen Gardens knew of Plaintiff's claim against it, and Karen Gardens acted diligently upon learning of the action to vacate the default.

The facts here are more similar to the facts in *Walden v. Lorcom Techs., Inc.*,

6

No. 05-CV-3600, 2007 WL 608151, at *3 (E.D.N.Y. Feb. 23, 2007). In *Walden*, the defendant failed to update its address with the Secretary of State but the court nevertheless found that the defendant's default was not willful because the defendant did not have actual notice of the litigation and immediately responded upon learning of the default. *Walden*, 2007 WL 608151, at *3; *see also King*, 1999 WL 294738, at *2 (holding that default caused by failure to update address was not willful where defendant did not receive actual notice and "moved expeditiously since first becoming aware of the default judgment"). The same is true here. Karen Gardens immediately moved to vacate the default judgment after receiving notice of the action. Under the totality of circumstances present in this case, the Court cannot conclude that Karen Gardens acted willfully. Such a finding would be contrary to the Second Circuit's dictate in favor of resolving disputes on the merits rather than by default. *See American Alliance*, 92 F.3d at 61 ("Strong public policy favors resolving disputes on the merits."); *Walden*, 2007 WL 608151, at *3 (E.D.N.Y. Feb. 23, 2007) ("[F]inding that [the defendant] acted 'willfully' would run counter to the disfavor with which federal courts view defaults, and the corresponding strong preference for resolving disputes on the merits." (citing *American Alliance,* 92 F.3d at 61)). The Court therefore adopts Judge Orenstein's recommendation that Karen Gardens' default was not willful.

### ii. Karen Gardens presented a meritorious defense

Judge Orenstein concluded that Karen Gardens established two meritorious defenses: (1) that it properly paid Plaintiff and (2) that the FLSA does not apply to this case. (R&R 7–8.) Plaintiff argues that the FLSA is applicable and that Karen Gardens' proffered defenses "do[] not rebut [P]laintiff's allegations but merely contradict the allegations without providing facts that if proven at trial, would constitute a complete defense." (Pl. Obj. 6–8.)

7

A defendant seeking to vacate a default judgment bears the "burden of offering evidence sufficient to establish a complete defense." *Bricklayers & Allied Craftworkers*, 779 F.3d at 187 (citing *State St.*, 374 F.3d at 167); *see also Enron Oil*, 10 F.3d at 98 ("A defendant seeking to vacate an entry of default must present some evidence beyond conclusory denials to support his defense." (citation omitted)). A defense is meritorious if it "give[s] the factfinder some determination to make." *Chesir*, 526 F. App'x 60 at 63 (quoting *Am. Alliance*, 92 F.3d at 61); *see also Enron Oil*, 10 F.3d at 98 (2d Cir. 1993) ("The test of such a defense is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense."). This requires a "low threshold of adequacy." *Curry v. Penn Credit Corp.*, No. 15-CV-6360, 2015 WL 6674922, at *5 (W.D.N.Y. Nov. 2, 2015) (quoting *Meehan v. Snow*, 652 F.2d 274 (2d Cir. 1981)).

"[I]n the context of a motion to vacate a default, a defense that the parties were properly paid constitutes a 'meritorious defense.'" *Addison v. Reitman Blacktop, Inc.*, 272 F.R.D. 72, 81 (E.D.N.Y. 2010) (quoting *Franco v. Ideal Mortgage Bankers, Ltd.*, No. 07-CV-3956, 2010 WL 3780972, at *3 (E.D.N.Y. Aug. 23, 2010), *report and recommendation adopted*, No. 07-CV-3956, 2010 WL 3780984 (E.D.N.Y. Sept. 17, 2010)).

Karen Gardens has established a meritorious defense. Karen Gardens presented evidence that it paid Plaintiff approximately $200 per week as compensation for working four hours a day, five days a week. (Karen Gardens Mem. 9–10; Bajaj Aff. ¶¶ 7, 9–10, 12–13; Employment Contract, annexed to Bajaj Aff. as Ex. B; Email Dated June 15, 2011, annexed to Bajaj Aff. as Ex. C; Karen Gardens Superintendent Duties 1, annexed to Aff. of Okechukwu Valentine Nnebe as Ex. 15, Docket Entry No. 33-20; Mins. of August 19, 2010 Board of Trustees Meeting at 2, annexed to Reply Aff. of Surila Bajaj ("Bajaj Reply Aff.") as Ex. O, Docket Entry No. 42; Mins.

8

of July 21, 2010 Board of Trustees Meeting, at 1, annexed to Bajaj Reply Aff. as Ex. P.) Based on this evidence, a jury could conclude that Plaintiff was a part-time employee who was properly compensated, which would constitute a complete defense to Plaintiff's claims.

Plaintiff does not object to the conclusion that, if accepted by a fact-finder, Karen Gardens' evidence would constitute a complete defense. Instead, Plaintiff challenges the evidence. Plaintiff argues that his employment contract expressly stated that he was a full-time employee, which cannot be contradicted by the extrinsic documentary evidence presented by Karen Gardens, and that Judge Orenstein "disregarded [P]laintiff's affidavit." (Pl. Obj. 6–7.) Contrary to Plaintiff's claim, the employment contract does not specify either the number of hours Plaintiff was required to work or the number of hours Plaintiff actually worked. But more importantly, Karen Gardens does not have to prove that its defense would succeed, only that it is a valid defense. *See State Farm Mut. Auto. Ins. Co. v. Cohan*, 409 F. App'x 453, 456 (2d Cir. 2011) ("In order to make a sufficient showing of a meritorious defense in connection with a motion to set aside a default, the defendant need not establish his defense conclusively, but he must present credible evidence of facts that would constitute a complete defense." (citation omitted)). While a jury could agree with Plaintiff, it is just as likely that a jury could accept the defense that Plaintiff worked part-time which would be a complete defense to Plaintiff's claim. *See Enron Oil Corp.*, 10 F.3d at 98 (noting that the test of whether a defense is meritorious is whether it would constitute a complete defense if proven at trial). Thus, the Court finds that Karen Gardens has presented a meritorious defense.[3]

---

[3] Because the Court finds that Karen Gardens has presented a meritorious defense by submitting evidence that Plaintiff was properly paid, it declines to consider Karen Gardens' second argument that the FLSA does not apply to this action. *See Addison v. Reitman Blacktop, Inc.*, 272 F.R.D. 72, 81 (E.D.N.Y. 2010) ("The Court does not need to make a finding as to whether all of the Defendants' affirmative defenses are meritorious.").

9

Based on the Court's findings that Karen Garden's conduct was not willful and that it has a meritorious defense to Plaintiff's claims, and because Plaintiff did not object to Judge Orenstein's recommendation that vacating the default would not prejudice Plaintiff, the Court accepts Judge Orenstein's recommendation and vacates the default judgment entered against Karen Gardens.

### d. Metropolitan

Judge Orenstein recommended that the default judgment against Metropolitan be vacated for lack of personal jurisdiction because Plaintiff did not properly serve Metropolitan with the Summons and Complaint. (R&R 10.) Plaintiff alleges that he properly served Metropolitan by delivering the Summons and Complaint to the address which Metropolitan provided to the New York Secretary of State. (Pl. Obj. 8.)

A district court may set aside a default judgment if that judgment is void. *See* Fed. R. Civ. P. 55(c); Fed. R. Civ. P. 60(b)(4); *see also City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 138 (2d Cir. 2011) (citing *"R" Best Produce, Inc. v. DiSapio*, 540 F.3d 115, 123 (2d Cir. 2008)). "A default judgment is 'void' if it is rendered by a court that lacks jurisdiction over the parties." *Mickalis Pawn Shop*, 645 F.3d at 138 (citing *"R" Best Produce*, 540 F.3d at 123). In order for a district court to exercise personal jurisdiction over a defendant, "the plaintiff's service of process upon the defendant must have been procedurally proper." *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 59 (2d Cir. 2012) (citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999)).

A corporation may be served either by "following state law" or by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)

(referencing Fed R. Civ. P. 4(e)(1)). New York law authorizes two methods of serving process on a corporation: either by serving the New York Secretary of State, who then forwards a copy to the address it has on file for the corporation, N.Y. Bus. Corp. Law § 306(b)(1), or by personally delivering the summons to an "officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service," N.Y. C.P.L.R. § 311(a)(1). Thus, the applicable state law governing personal service on a corporation is, in relevant part, the same as the method authorized by Rule 4(h) of the Federal Rules of Civil Procedure. *Cooney v. Barry Sch. of Law*, 994 F. Supp. 2d 268, 270 (E.D.N.Y.) ("N.Y. C.P.L.R. § 311(a)(1) . . . circles back to Rule 4 as [it] is based on the same language in Rule 4, and it is therefore appropriate to construe the provisions *in pari materia*." (citing N.Y. C.P.L.R. § 311 (historical and statutory notes))), *appeal dismissed*, (Mar. 21, 2014). Section 311(a)'s official commentary explains that "[a] managing agent or general agent is one who is empowered with supervisory authority and possesses judgment and discretion to take action on behalf of the corporation." N.Y. C.P.L.R. § 311 (Official Commentary C311:1); *see also Cooney*, 994 F. Supp. 2d at 270. While New York law permits service on a "cashier or assistant cashier," this "refers to 'a financial official within the ranks of the managerial hierarchy, not a check-out clerk at the counter of a retail store.'" *Cooney*, 994 F. Supp. 2d at 270 (quoting N.Y. C.P.L.R. § 311(a) (Official Commentary C311:1)).

Here, service was improper because Plaintiff did not serve an appropriate agent of Metropolitan. Plaintiff's process server delivered the Summons and Complaint to the "front secretary" of the business Metropolitan used to collect its mail. (Pl. Obj. 8.) Plaintiff contends that service was proper because Plaintiff delivered the Summons and Complaint to Metropolitan's rented post office box at a mail center, which was the address Metropolitan listed

11

with the Secretary of State for service of process. (*Id.*) Mere delivery of the Summons and Complaint to the listed address is insufficient, however, because both the New York and federal rules both require personal delivery to an officer, director, managing or general agent, or cashier or assistant cashier. *See* Fed. R. Civ. P. 4(h)(1)(B); N.Y. C.P.L.R. § 311(a)(1). Plaintiff argues that he served such an agent because the mail center was "manned by a front secretary staff that Metropolitan authorized to receive legal processes . . . on its behalf." (*Id.*) Thus, Plaintiff does not argue that the secretary was the sort of high-level officer designated by the rules for receiving service. Rather, Plaintiff contends that Metropolitan appointed the secretary to be its agent for service of process under Fed. R. Civ. P. 4(h)(1)(B) and N.Y. C.P.L.R. § 311(a)(1) by providing the mail center's address to the Secretary of State.

Plaintiff relies on *Fashion Page v. Zurich Ins. Co.*, 50 N.Y.2d 265 (1980), a case that is factually distinguishable and does not support Plaintiff's argument. In *Fashion Page*, the plaintiff's process server personally went to the corporate defendant's office, where the defendant's receptionist told him that the vice-president's secretary could accept service. 50 N.Y.2d at 269. The process server then served the secretary who confirmed that she was authorized to accept service. *Id.* at 269–70. The secretary later testified that she had regularly received legal process over the proceeding five years, which was corroborated by the vice-president. *Id.* at 270. The New York Court of Appeals held that the defendant was properly served. *Id.* at 273–74. The court noted that although the secretary was not the sort of corporate official or employee designated by statute to receive process, service was nevertheless proper because the process server had reasonably relied on the defendant's employees, who had identified the secretary as the proper person to accept service. *Id.* at 272. While finding that service was proper based on the facts before it, the Court of Appeals warned that:

12

> [d]elivering the summons to a building receptionist, not employed by the defendant, without any inquiry as to whether she is a company employee, would not be sufficient. Such service cannot be upheld even though the receptionist may later deliver the summons to the proper party. . . . Nor is it always reasonable, under all circumstances, for the process server to rely on claims of authority made by the defendant's employees.

*Id.* at 273.

Unlike the process server in *Fashion Page* who personally went to the corporate defendant's offices and first spoke with the corporation's receptionist and then with the vice-president's secretary, Plaintiff's process server did not go to a corporate office or speak to any corporate employees who directed him to an individual authorized to accept service. Instead, Plaintiff's process server went to a mail center where Metropolitan rented a post office box and spoke to a mail center employee. (Pl. Obj. 8–9.) Plaintiff's process server's reliance on a mail center's employee is distinguishable from the process server's reliance on two of the defendant's employees in *Fashion Page*. Thus, Plaintiff's reliance on *Fashion Page* is misplaced and provides no support for Plaintiff's argument that service was proper. *See Avanti Enterprises, Inc. v. A&T Produce, Inc.*, No. 09-CV-1185, 2010 WL 3924771, at *3 (E.D.N.Y. July 21, 2010) (distinguishing *Fashion Page* and finding that service was improper because, even if the defendant had actual notice, "service [was] made on an individual who [was] not authorized to accept service at a location that [was] not the corporation's actual place of business"), *report and recommendation adopted*, No. 09-CV-1185, 2010 WL 3909243 (E.D.N.Y. Sept. 30, 2010); *Jumpp v. Jerkins*, No. 08-CV-6268, 2010 WL 715678, at *12 (D.N.J. Mar. 1, 2010) (noting that "*Fashion Page* requires more than the mere asking of a person whether he is authorized to accept service of process" and that it requires a process server to "go to the corporation's actual offices"); *see also Cooney*, 994 F. Supp. 2d at 270 (holding that service was improper where the plaintiff served one of the defendant's employees because,

13

although the employee was an agent for certain purposes, she was not a managing or general agent for the purpose of accepting service). The Court therefore adopts Judge Orenstein's recommendation and vacates the default judgment against Metropolitan.

### III. Conclusion

For the foregoing reasons, the Court adopts Judge Orenstein's R&R and vacates the default judgment against Karen Gardens and Metropolitan.

SO ORDERED:

_____s/ MKB_____
MARGO K. BRODIE
United States District Judge

Dated: January 20, 2016
      Brooklyn, New York

14